IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

Civil Case No: 3:21-cv-355-RGJ

TIFFANI MUIR                                                              PLAINTIFF
1115 Stone Spring Way
Louisville, Kentucky 40223


v.


GLA COLLECTION CO., INC.                                        DEFENDANTS
2630 Gleeson Lane
Louisville, Kentucky 40299

        SERVE:      Michael L. Lynch
                      2630 Gleeson Lane
                      Louisville, Kentucky 40299
                      (BY CERTIFIED MAIL)


AND


EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                      421 W. Main St.
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Tiffani Muir, and for her Verified Complaint against the Defendants,

GLA Collection Co., Inc. ("GLA") and Equifax Information Services, LLC ("Equifax") states as

follows:

## I. **PRELIMINARY STATEMENT**

1.      This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; GLA's false reporting of a balance due on a bankrupted GLA account on Plaintiff's Equifax credit report; and Defendants' failure to correct GLA's false reporting on Plaintiff's Equifax credit report.

## II. **PARTIES**

2.      Plaintiff, Tiffani Muir, is currently, and was at all relevant times, a citizen of the Commonwealth of Kentucky residing at 1115 Stone Spring Way, Louisville, Kentucky 40223.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, GLA, is a limited liability company organized under the laws of the Commonwealth of Kentucky with its principal place of business located at 2630 Gleeson Lane, Louisville, Kentucky 40299.

5.      GLA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

2

### III. <u>JURISDICTION</u>

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. <u>FACTUAL BACKGROUND</u>

10.     In or around December 2020, Plaintiff accessed her Equifax credit report and discovered a bankrupted GLA account reporting a past due balance of $513.00. The alleged GLA debt was discharged in Plaintiff's Chapter 7 bankruptcy, filed in the Western District of Kentucky, in July 2016.

11.     Immediately upon her discovery of the GLA tradeline, Plaintiff disputed the GLA tradeline with Equifax, advising Equifax that the GLA account was included in her bankruptcy and should not be reporting a balance due.

12.     Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified GLA of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

13.     Plaintiff never received the results of her dispute to Equifax. In February 2021, however, Plaintiff again accessed her Equifax credit report and discovered that the GLA tradeline was reporting as it had been reporting prior to Plaintiff's dispute. Despite Plaintiff's lawful request for removal or amendment of the GLA tradeline, GLA and Equifax failed to delete the tradeline from Plaintiff's credit report or to amend Plaintiff's credit report.

14.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure

3

to investigate Plaintiff's disputes and Defendants' false reporting.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – GLA

15.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16.     GLA's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due GLA account are violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

17.     GLA's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which GLA is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

18.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.     Equifax's failure to properly investigate the disputed item and its failure to remove the disputed item from Plaintiffs' credit report or to amend Plaintiff's credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20.     Equifax's failure to properly investigate the disputed item and its failure to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's credit report within a reasonable time, following Equifax's receipt of Plaintiff's dispute, are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

4

21.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – GLA

22.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23.     GLA's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due GLA account, despite GLA's knowledge of the falsity of its reporting, are willful violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

24.     Given GLA's knowledge of the falsity of its reporting, GLA's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which GLA is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

25.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     Equifax's failure to properly investigate the disputed item and its failure to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27.     Equifax's violations of the FCRA amount to willful non-compliance with the

FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Tiffani Muir, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY  40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
Counsel for Plaintiff

6

**VERIFICATION**

I, Tiffani Muir, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Tiffani Muir


COMMONWEALTH OF KENTUCKY        )
                                ) SS
COUNTY OF JEFFERSON             )


Subscribed, sworn to and acknowledged before me by Tiffani Muir this 26 day of May, 2021.

_____
Notary Public RHONDA ROSBOTTOM
Commission expires: March 28, 2022

7